IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Raymond Hutzler, Chad Acres, Chelsea Adkisson, Weston Alexander, Scott Almond, Keith Ammons, Paul Anderson, Jr., Brentt Arrowood, Mark Bacon, Robert Bandy, Anthony Banks, Nathan Basler, Tyten Beeman, Jeremy Bentley, Brian Bingham, William Black, Jeremy Blackburn, Andre Blocker, Ronald S. Bolden, Ronald S. Bolden, Jr., John Bowers, Grady Boyd, III, Mark Braden, Thomas Braden, Cody Bramlett, Daniel Britton, Darryel Brooks, Daniel Brown, Keith Butler, Terry Butler, Brent Burkhart, Andrew Campbell, Christopher Campbell, Corey Carroll, Salvatore Carrubba, Trenton Catron, Dennis Chambers, Jason Chambers, Richard Chambers, Vanessa Chavis (formerly Vanessa York), Zakary Clark, Wendell Copeland, James Cox, James Cromwell, Howard Crowder, Jr., Timothy Daniels, Michael Daugherty, Stephen Dunn, Michael Dyer, Erin Earley, Steven Elkins, Michael Elliott, James Favaro, Jr., Ryan Ferguson, Adam Fields, James Fisher, Gregory Floyd, Justin Forsythe, Travis France, Caleb Freshour, John Freshour, Paul Galloway, David Gates, Jeffrey Gates, Laura Graham, Michael Grant, Scott Graves, Donnie Gray, Charles Guinn, Jay E. Hall, Jimmy Hamby, Russell Hancock, Robert Harrington, Robert Harris, Charles Harrison, Jr., Joshua Hawes, Clinton Hawkins, Henry Hawley, Lester Heidel, Brent Hembree, Tony Henderson, Nathan Hendrickson, Ryan Henley, Richard Henry, Richard Hicks, Shannon Hopwood, Phillip Houser, Marvin Howard, Timothy Hudson, Jeffery Human, William Hurst, John Huskey, Matthew Hutzler, Kris Jackson, Jill Jarnigan, Jeff Johnson, Travis Johnson, Daniel Jones, Jerry Jones, Josh Jones, Tony Joy, Johnny Justes, Gary Keeney, II, Phillip Kelly, Kristopher Kile, Charles Kivett, Jay Lane, Christopher Lawson, Lou Lawson, Scott Lawson, Bailey Licata, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: _____ <br> ) Jury Demanded <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Michael Lopez, Michael Lovelace, Darren Lowe, )
Jay Lowe, Sheryl Lowe, Robert Mackey, )
Blake Malone, Patricia Jackson Marcum, )
James Martin, Jr., Michael Massengill, Anthony )
McAlister, Michael McCormack, Christopher )
McCurry, Scott McGill, Shaun McLemore, Mark )
McMahan, Michael McManus, Sam McManus, )
Robert McWhorter, Thomas Melhorn, Gregory )
Menard, AC Miller, Steven Miller, Terry Morgan, )
Jerry Mounts, II, Mark Neher, Paul Nelson, )
Willard Newman, Gary Newport, Chad Noe, )
Suzette Nolan, Curtis Norman, Phillip Odom, )
Mark Owens, Kevin Pagodin, Roberto Parrilla, )
Ronald Pelfrey, James Peters, Jr., David Phillips, )
Stephen Picarello, Ronald Price, Darrell Rimes, Jr,)
Edward Rivers, Matthew Robertson, David Rollen, )
Patrick Rule, Rodney Ryder, Jr., Christopher )
Scarbrough, Jacob Scarborough, Guy Schwinge, )
Joshua Sexton, Steven Sexton, Rodger Sharp, )
Lorrie Slover, Jason D. Smith, Jason William )
Smith, William Gregory Smith, Philip Standridge, )
Chelsea Taboada, Brian Tackett, Michael Taylor, )
Jason Thomas, Patrick Thompson, Jr., )
Daniel Toney, Bradley Trego, Scott Trew, Greg )
Trowbridge, Gregory Vann, Wesley Vineyard, )
Eric Waller, Johnathan Waller, Richard Watson, )
Robert P. Watson, Robert P. Watson, III, )
Michael Whaley, Jeffrey White, Donna Whitson, )
Robert Whitson, Jason Whittington, )
Matthew Whitus, Ricky E. Williams, Scott D. )
Williams, Dustin Wilson, James M. Wilson, )
Joshua Wilson, Stephen Woods, Jeremy Woody, )
Chris Yancey, Randel York and Daniel Young, )
)
  Plaintiffs, )
)
vs. )
)
)
Consolidated Nuclear Security, LLC, )
*a/k/a* CNS Y-12, )
)
  Defendant. )

2.

# **COMPLAINT**

Plaintiffs, by and through counsel, hereby set forth their complaint against Consolidated Nuclear Security, LLC, as follows:

## I. INTRODUCTION

1. Plaintiffs bring this action against Consolidated Nuclear Security, LLC ("CNS") for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938, as amended, ("FLSA" or "the Act"), 29 U.S.C. §201, *et seq.*, to remedy violations of the wage provisions of the Act by the Defendant which have deprived the named Plaintiffs of their lawful wages. This suit is brought on behalf of the named Plaintiffs pursuant to §216(b) of the Act.

2. This action is brought to recover unpaid overtime compensation owed to the Plaintiffs, current or past employees of Defendant, pursuant to the FLSA. Plaintiffs have been employed by the Defendant in the Electrical and Lineman/Linewoman Groups as non-exempt employees. Specifically, Plaintiffs worked for Defendant under a management and operating contract with the National Nuclear Security Administration (NNSA) in Oak Ridge, Tennessee, at the Y-12 facility.

3.

3. For at least three years prior to the filing of this Complaint and continuing since, Defendant committed violations of the FLSA by requiring and/or suffering and/or permitting Plaintiffs to work in excess of forty hours per week without receiving all overtime pay at a rate of one and a half times higher than their regular rate of pay as required by law.

4. Plaintiffs seek injunctive and declaratory relief; overtime premium for all overtime work required, suffered and/or permitted by Defendant; liquidated damages; prejudgment and post-judgment interest; attorney's fees; costs; and all other damages permitted by 29 U.S.C. §216(b) or other provisions of the FLSA.

## II. THE PARTIES

5. Plaintiffs currently reside or formerly resided in the Eastern District of Tennessee and are citizens of the United States. Plaintiffs were employed by Defendant, for the purposes of this civil action, during part or all of three years prior to the filing of this action.

6. During their employment with Defendant, Plaintiffs were paid an hourly rate of pay as required by their collective bargaining agreement. While employed by Defendant, Plaintiffs regularly worked in excess of 40 hours per week, but did not receive all overtime compensation to which they were entitled under the Act.

4.

7. At all times material to this action, Plaintiffs were "employees" of the Defendant as defined by §203(e)(1) of the FLSA and worked for Defendant within the territory of the United States, specifically in the Eastern District of Tennessee, part or all of the three-year period preceding the filing of this lawsuit. These same individuals are further covered by §207 of the FLSA for the period in which they were employed by Defendant.

8. Defendant is a Delaware corporation engaged in commerce as defined by the FLSA and which provides services for the federal government at the Y-12 National Security Complex and has its place of business at 301 Bear Creek Road, Oak Ridge, Tennessee 37830. Plaintiffs will attempt service of process of Defendant through Waiver of Service of Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

9. Defendant, CNS has been the "employer" of the named Plaintiffs as defined by Section 203(d) of the FLSA.

10. Defendant is subject to personal jurisdiction in the State of Tennessee for the purposes of this lawsuit.

11. The overtime provisions set forth in §207 of the FLSA govern the business operations and activities of and apply to Defendant's business.

### III. JURISDICTION AND VENUE

12. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 29 U.S.C. § 216(b).

5.

13. Venue is proper in the Eastern District of Tennessee where all violations occurred and where Defendant's place of business was located.

## IV. VIOLATIONS OF THE FLSA

14. Defendant has intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay non-exempt Electrical and Lineman/Linewoman Group employees, including Plaintiffs, in violation of the provisions of the FLSA and corresponding federal regulations.

15. Defendant has intentionally and repeatedly engaged in the practice of under-reporting the hours worked by their non-exempt Electrical and Lineman/Linewoman Group employees in violation of the provisions of the FLSA. In addition, Defendant's agents and/or employees have required Plaintiffs to engage in work before the designated starting time and after the designated quitting time changing clothes and performing miscellaneous work activities.

16. Defendant knew of the requirement to compensate Plaintiffs for activities after the triggering of the continuous workday because other Defendant employees such as guards, guard supervisors and firefighters are compensated under similar circumstances of clothes changing.

17. By its actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

6.

18. Defendant willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiffs in accordance with §207 of the FLSA. Defendant has intentionally and repeatedly engaged in the practice of under-reporting hours worked by their non-exempt employees in violation of the provisions of the FLSA. In addition, Defendant's agents and/or employees have specifically required Plaintiffs to do the following:

a) work off the clock when performing miscellaneous work activities;

b) engage in waiting time and walking time without counting the time as hours worked after performing the first principal work activities to begin the continuous work day and not counting hours worked before the last work activities at the conclusion of the work day.

c) engage in principal work activities that expose Plaintiffs to substantial hazards, including but not limited to electric shock or arc-flash, fire, radiological, beryllium, or chemical hazards and other toxic substances.

d) without pay, change into and out of required Defendant-provided clothing, including but not limited to flame resistant and/or arc-rated clothing, safety boots, and other protective clothing, that is integral and indispensable to Plaintiffs' principal activities despite Defendant not qualifying for the exception for clothes changing under 29 U.S.C. §203(o).

7.

## V. SCOPE OF DEFENDANT'S LIABILITY

19. Plaintiffs bring this action on behalf of non-exempt Electrical and Lineman/Linewoman Group employees of Defendant who have been improperly compensated in violation of the FLSA.

20. Plaintiffs were employed directly by Defendant in job categories within Defendant's Electrical and Lineman/Linewoman Groups.

21. Defendant issued compensation to Plaintiffs during their employment with Defendant. Plaintiffs were not compensated for all overtime hours to which they were entitled under the FLSA.

22. As a result of the Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive their lawful overtime wages in accordance with Section 207 of the FLSA.

23. Defendant has made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs or other similarly situated employees.

24. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of their rightful overtime compensation in an amount to be determined at trial; and they are entitled to recovery of such amounts; declaratory and injunctive relief; liquidated damages; pre-judgment interest and post-judgment

8.

interest; attorney's fees, costs, and all other compensation and relief permitted by the FLSA.

25. Contemporaneously with the filing of this complaint, each Plaintiff has filed his or her Consent to Become Party Plaintiff, attached hereto as Exhibits A through D.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. That the Court enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. That an injunction issue against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in the unlawful practices, policies and patterns set forth herein in violation of FLSA;

3. That Plaintiffs be awarded damages, including liquidated damages and overtime compensation owed to them under the FLSA in an amount to be determined at trial;

4. That Plaintiffs be awarded costs and expenses for this civil action, including reasonable attorney's fees and expert fees;

5. That the Court award pre-judgment and post-judgment interest, as provided by law;

9.

6. That the Court award such other and further legal and equitable relief as this Court deems necessary, just, and proper.

7. That this case be tried by jury on all issues of fact.

Respectfully submitted this 25th day of August, 2021.

s/Garry Ferraris
Garry Ferraris (BPR#016086)
Attorney for Plaintiffs
800 S. Gay Street, Suite 650
Knoxville, TN 37929
(865)584-7720
*gferraris@ferrarislaw.com*

10.