UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RAYMOND HUTZLER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.:   3:21-CV-304-TAV-DCP |
| | ) | |
| CONSOLIDATED NUCLEAR | ) | |
| SECURITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This civil matter is before the Court on the plaintiffs' Rule 41 Motion to Dismiss Parties [Doc. 33].  Plaintiffs seek the dismissal of nine plaintiffs[1] and the representatives of two other plaintiffs[2] who have requested to withdraw from this action [*Id.*]. Additionally, plaintiffs indicate that a listed plaintiff, Daniel Jones, is a duplicate misnomer for another plaintiff and should be dismissed [*Id.*].

Rule 41 is not the correct procedural vehicle for the dismissal of these plaintiffs. Rule 41(a) allows a party to voluntarily dismiss "an action," which the Sixth Circuit has interpreted as "the entire controversy," rather than a "claim," which "refers to what has traditionally been termed [a] 'cause of action.'" *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th

---

[1]  As identified in the motion, the plaintiffs are Ronald Chapman, Joshua Riley Hawes, Nathan Hendrickson, Frederick Lawson, David McNew, Jacob Phillips, Keith Ringley, Ginger White, and James Young [*Id.*].

[2]  As identified in the motion, the representatives of the plaintiffs are Rhonda Hawn and Eric Stutts [*Id.*].

Cir. 1961)), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008); *see also Wilkerson v. Brakebill*, No. 3:15-CV-435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (recognizing Rule 41 provides for dismissal of an entire action).

When seeking to dismiss fewer than all claims or parties, as here, the Sixth Circuit has suggested that a party should utilize Rule 21, which provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21; *accord Letherer*, 328 F.3d at 266; *see also Wilkerson*, 2017 WL 401212, at *2 (finding Rule 21 to be appropriate to apply where plaintiffs move to voluntarily dismiss one of several claims). Consequently, the Court will construe plaintiffs' motion to dismiss parties as made pursuant to Rule 21. *See Wilkerson*, 2017 WL 401212, at *2 (stating "so long as the Court evaluates prejudice to defendants, application of Rule 41, versus Rule 21, would make little functional difference").

When undertaking the Rule 21 analysis, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Id.* (quoting *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015)). The defendant did not respond to the plaintiffs' motion seeking dismissal of the identified plaintiffs, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). Furthermore, the parties' pending Joint Motion for Settlement Approval [Doc. 34] accounts for the dismissal of the identified plaintiffs as requested in plaintiffs' present motion [Doc. 33].

2

In light of the lack of opposition, and for good cause shown, the plaintiff's motion [Doc. 33] is **GRANTED**.  Accordingly, plaintiffs Ronald Chapman, Joshua Riley Hawes, Rhonda Hawn, Nathan Hendrickson, Daniel Jones, Frederick Lawson, David McNew, Jacob Phillips, Keith Ringley, Eric Stutts, Ginger White, and James Young are **DISMISSED** as plaintiffs **without prejudice**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3