UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RAYMOND HUTZLER, et al.,      )
                              )
        Plaintiffs,           )
                              )
v.                            )        No.:    3:21-CV-304-TAV-DCP
                              )
CONSOLIDATED NUCLEAR          )
SECURITY, LLC,                )
                              )
        Defendant.            )

## <u>ORDER</u>

This civil action is before the Court on the parties' Joint Motion for Settlement Approval [Doc. 34], requesting Court approval of a settlement of plaintiffs' claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and dismissing this action with prejudice.

The FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The circumstance applicable here occurs when an employee brings a private action for overtime wages under 29 U.S.C. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the proposed settlement, determines that it involves the resolution of a bona-fide dispute and is fair and reasonable, and enters it as a stipulated judgment. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5-6 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Fayette Urban*

*Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

In this case, a bona-fide dispute existed as to whether plaintiffs were properly compensated for work they performed. In the negotiations that resulted in a settlement, all parties were represented by experienced and reputable counsel, and they have engaged in an arms' length negotiation to resolve this dispute. The Court has also considered the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *See Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 2:17-cv-58, 2018 WL 3910999, at *2 (E.D. Tenn. July 30, 2019) (quoting *Edwards v. City of Mansfield*, No.1:15-cv-959, 2016WL2853619, at *3 (N.D. Ohio May 16, 2016)). After reviewing the settlement agreement, the Court agrees that this is a fair resolution of the instant case that promotes judicial economy and the public interest. Accordingly, the Court concludes the settlement is a fair and reasonable compromise of a bona-fide dispute.

Thus, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Joint Motion for Settlement Approval [Doc. 34] requesting entry of dismissal with prejudice is hereby **GRANTED**.

2. The settlement agreement among the parties is hereby **APPROVED** as being a fair, just, adequate, and reasonable compromise of the disputed issues of law and fact remaining in this action.

3. Other than the attorney fees and expense payments in the settlement agreement, each party is responsible for their own attorney fees and costs associated with

the claims for which dismissal is requested.

4.      It is further **ORDERED** that this case is **DISMISSED with prejudice**, and the Clerk of the Court is **DIRECTED** to **CLOSE** the case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE